## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe, | |
| Plaintiff, | CIVIL ACTION NO:   1:23-cv-10184 |
| v. | |
| OneTaste, Inc., OneTaste NYC LLC, Nicole Daedone, and Rachel Cherwitz, | **JURY TRIAL DEMANDED** |
| Defendants. | |

_____/

## COMPLAINT

Plaintiff Jane Doe ("Doe" or "Plaintiff"), files her Complaint against Defendants OneTaste, Inc., OneTaste NYC, LLC, Nicole Daedone, and Rachel Cherwitz, and makes the following allegations upon information and belief and believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

Jane Doe files this complaint for damages and other relief under the United States federal anti-trafficking statute, 18 U.S.C. §§ 1589-95, et seq.—the Trafficking Victim Protection Act ("TVPA")—and for intentional and negligent acts and omissions under the New York Adult Survivors Act, N.Y. CPLR §214-j and other laws. The suit arises from Defendants Nicole Daedone and Rachel Cherwitz being the masterminds and operators of a yearslong labor and sex trafficking operation

1

disguised as a sexual wellness business. Daedone and Cherwitz operated the OneTaste, Inc. and OneTaste NYC, LLC businesses and used these businesses to benefit and receive things of value from their operation of their sex trafficking and labor trafficking operations which they conducted through the OneTaste Inc. and OneTaste NYC LLC businesses knowingly and intentionally. Daedone, Cherwitz and the OneTaste Defendants used means of force, threats of force, fraud, and a variety of other forms of coercion to cause Jane Doe to engage in commercial sex acts as a form of forced labor for Defendants, in service of the Defendants' sex and labor trafficking operations.

## **PARTIES**

1.      Plaintiff Jane Doe is a U.S. citizen who resides in Houghton County, Michigan.

2.      Defendant Nicole Daedone is an individual who resides in San Diego, California.

3.      Defendant Rachel Cherwitz is an individual who resides in Philo, California.

4.      OneTaste, Inc. ("OneTaste") was a privately held California Corporation with its principal place of business in San Francisco, California.

5.      OneTaste, Inc. operated at various locations in the Southern District of New York.

6.      OneTaste NYC LLC ("OneTaste NYC") operated the New York meditation center location for "OneTaste, Inc." located at 406 Broadway, New York, NY 10013 and operated in the Southern District of New York.

7.      At all material times, Defendant Nicole Daedone was the chief executive officer of OneTaste, Inc. and OneTaste NYC.

8.      At all material times, Defendant Rachel Cherwitz was the former head of sales for Defendants OneTaste, Inc. and OneTaste NYC.

## JURISDICTION AND VENUE

9.      This action is brought pursuant to various federal and state statutes, including the federal TVPA, 18 U.S.C. § 1589 through § 1595. This Court has federal question subject-matter jurisdiction pursuant to 28 U.S.C. §1331, because Jane Doe—is proceeding under the federal TVPA statute.

10.      This Court also has supplemental jurisdiction over the state law claims recounted below pursuant to 28 U.S.C. § 1367(a), because all claims alleged herein are part of a uniform pattern and practice and form part of the same case or controversy.

11.      This Court is "an appropriate district court of the United States" in accordance with 18 U.S.C. § 1595, in which to bring this action. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because all Defendants conducted substantial activities in this District and knowingly aided and abetted, facilitated,

and directly participated in the illegal venture through actions that originated in this District. In addition, Nicole Daedone and Rachel Cherwitz sexually abused and trafficked Jane Doe in this District.

12.    These acts of sexual abuse and commercial sex acts, committed by Defendants against Jane Doe took place in New York, San Francisco, and Las Vegas. A number of the acts, events, and omissions giving rise to this cause of action occurred in this District.

13.    This action has been timely filed pursuant to the applicable law governing each individual cause of action, because the conspiracy continued until 2017and under New York's Adult Survivor's Act, N.Y. CPLR § 214-j.

## **INTRODUCTION**

### A. **OneTaste, Inc.**

14.    OneTaste, Inc. was started by Nicole Daedone in 2004, who served as the Chief Executive Officer until 2017. Rachel Cherwitz was the Head of Sales from 2009 to 2018 and was known as Nicole Daedone's top lieutenant during her time with OneTaste.

15.    OneTaste, Inc. was a privately held California Corporation with its principal place of business in San Francisco, California.

16.    From 2004, OneTaste maintained several affiliated corporations, including in New York with OneTaste NYC LLC. From 2004 through 2017,

4

OneTaste operated centers in San Francisco, Philadelphia, Denver, Las Vegas, Boulder, Los Angeles, Austin and London.

17.    OneTaste promoted itself as a wellness company that offered education, lifestyle advice and hands on help to their members.

18.    What set OneTaste apart from other wellness companies and brands was that OneTaste was, "sexuality focused" and offered members classes on "orgasmic meditation" or "om-ing" and "slow sex."

19.    Orgasmic meditation involved a partnered practice that typically involved the stroking of a woman's genitals for fifteen minutes.

20.    This "practice" was sold to, "increase self-confidence, increase vitality, to use desire as your guide, better sex, and deeper relationships."

21.    OneTaste made their money by selling courses, hosting events, and offering coaching positions for the "wellness" practice for a fee.

22.    The fee could be upwards of $60,000.00 per course, depending on which course, event, or session was selected by the customers. The pricing for identical courses offered by OneTaste differed based on each individual customer's wealth or tax bracket.

23.    Individuals could also participate in OneTaste as employees. They would identify themselves as "members."

24.     OneTaste maintained "community residences" where employees would live, work, eat and sleep in assigned beds with assigned people.

25.     Nicole Daedone and Rachel Cherwitz encouraged their members to open lines of credit and incur debt to finance OneTaste courses and training.

26.     In these residences, OneTaste members were directed to sleep in assigned beds with other members and coworkers. Members were also directed to "OM" or "research" with their assigned bed mate. This meant engaging in sexual relations. Members also ate, worked, and traveled together, at the direction of Nicole Daedone and Rachel Cherwitz.

27.     OneTaste sought to control and did control its members to make them reliant on OneTaste for shelter and basic needs. For example, OneTaste controlled the sleeping arrangements of its members to such an extent that there were times when members, like Jane Doe, were ordered to give up their beds so others could use them.

28.     OneTaste members were discouraged, either directly or indirectly, from having contact with people who were not in the OneTaste organization as a means of forming emotional, psychological and social control over their members.

29.     OneTaste, Nicole Daedone, and Rachel Cherwitz subjected their members, volunteers, contractors and employees to economic, sexual, emotional, and psychological abuse, surveillance, indoctrination, and intimidation.

30.     OneTaste, Nicole Daedone, and Rachel Cherwitz advertised and sold a program to customers indicating that they were helping people overcome their trauma, increasing their self-confidence, vitality, desire, and deepening their relationships when in fact, they were forcing a myriad of abuses, sexual and otherwise, on their employees to "sell" these ideals.

31.     OneTaste members were forced to engage in unwanted sexual acts that they found uncomfortable with potential customers and investors as well as their co-workers.

32.     The adage at OneTaste that coincided with this directive to have sex with your co-workers was, "When the sensation is high you can either fuck or fight."

33.     Defendants did not permit dissent. When OneTaste members declined to participate in sexual activities, Defendants and their employees and agents chastised, humiliated, embarrassed and withheld pay from OneTaste members.

34.     In New York City, OneTaste leased residences and hosted events in several different locations, including in Harlem, Hell's Kitchen, Soho, the West Village and Brooklyn.

35.     OneTaste maintained a community residence at 159 W. 118th street, New York, NY.

B. **Jane Doe**

36.    Jane Doe was involved with OneTaste from 2008 to 2014.

37.    Jane Doe was trafficked to multiple locations during her time with OneTaste, including New York, California, and Nevada.

38.    Jane Doe was employed as an audio video specialist and lived and worked with other OneTaste members in the San Fransisco residences located at 1080 Folsom St., San Francisco California, 94103.

39.    OneTaste and its leadership maintained a high level of control over Jane Doe, using verbal, financial, psychological and other means of control.

40.    During her time with OneTaste, Jane Doe was forced into dozens of sessions with strangers, who signed up for the "meditation" practice, as they were paying customers.

41.    During her time with OneTaste, Jane Doe was forced to engage in sexual intercourse with co-workers as a way of solving problems in the workplace.

42.    During her time with OneTaste, Jane Doe was subjected to verbal abuse, threats of castigation from the OneTaste community, name calling and financial punishments if she did not participate in the "OM" sessions or in the company policy that she have sex with other members to "calm work tensions."

43.    During her time with OneTaste, Jane Doe was forced into commercial sex acts in California, New York and Nevada. When Jane Doe was in California

8

[or New York] she was there under the pretenses that she would be performing documentary, audio-visual, and video work for OneTaste.

44.     While in New York, Jane Doe was not only performing her daily audio-visual duties, but she was forced to participate in unwanted commercial sexual acts with her co-workers, as a "requirement" for her employment.

45.     OneTaste, Nicole Daedone and Rachel Cherwitz sent Jane Doe to have sex with and/or be touched in a sexual manner by customers in hopes that the customer would pay money to the company.

46.     OneTaste, Nicole Daedone and Rachel Cherwitz did receive a financial benefit from customers who participated in sexual touching of their employees, like Jane Doe, when the customer signed up and paid for more OneTaste sessions, courses, and the like.

47.     OneTaste coerced Jane Doe to incur debt to attend these sessions as a way for OneTaste to find "enlightenment."

48.     OneTaste, Nicole Daedone and Rachel Cherwitz did not concern themselves with the abuses of their employees, sexual or otherwise.

49.     Nicole Daedone's position on rape is, "Deflect the rape by turning on 100% because then there is nothing to rape."

50.     OneTaste, Nicole Daedone and Rachel Cherwitz actively convinced Jane Doe that there was shame in being labeled a victim of rape so that Jane Doe would continue to participate in OneTaste sessions.

51.     OneTaste, Nicole Daedone and Rachel Cherwitz actively maintained control over Jane Doe through intimidation, threats, and one or more schemes intended to cause Jane Doe to believe that if she did not perform such labor and commercial sex acts, she would suffer serious harm.

## THE TRAFFICKING VICTIMS' PROTECTION ACT

52.     The Trafficking Victims Protection Act (TVPA) outlaws trafficking activities that affect interstate or foreign commerce or take place within the territorial jurisdiction of the United States.  It is to be construed broadly because it serves a remedial purpose and uses intentionally broad language.

53.     The TVPA also forbids (among other things) conspiring to violate 18 U.S.C. § 1589 and 18 U.S.C. § 1594(c).

54.     The TVPA contains an explicit "civil remedy" provision which allows an individual who is a victim of a violation of Chapter 77 of Title 18 (e.g., violation of 18 U.S.C. §§ 1589–94) to bring a civil action against the perpetrator and any person or entity who knowingly benefits, financially or by receiving anything of value from participation in an illegal sex-trafficking venture. 18 U.S.C. § 1595(a).

55.     Unlike the criminal penalties provisions in the TVPA, the civil remedies provision contains a "constructive knowledge" provision. This provision allows a civil action to be brought not only against a person or entity who participated in a venture known to have engaged in illegal sex trafficking, but also against a person or entity who participated in a venture that the person or entity should have known had engaged in illegal sex trafficking. 18 U.S.C. § 1595(a). This expansive provision is known as the "constructive knowledge" provision, which provides an alternative to proving actual knowledge as part of a civil damages claim.

<u>**COUNT ONE**</u>
<u>**AIDING, ABETTING, AND FACILITATING BATTERY**</u>
<u>**AGAINST ONETASTE**</u>

56.     Jane Doe adopts and realleges paragraphs 1 through 55 above.

57.     Between about 2004 and 2017, in this District in New York, Nicole Daedone organized and encouraged perpetration of crimes against Jane Doe in violation of New York Penal Law Chapter 130 such as New York Penal Law §§ 130.52 and 130.66 (hereinafter "Chapter 130 crimes"), against Jane Doe.

58.     As described throughout this complaint, Daedone forced Jane Doe into situations that were harmful and offensive, that resulted in substantial injuries, including damages from physical and psychological injury, extreme emotional

distress, humiliation, fear, psychological trauma, loss of dignity and self-esteem, and invasion of privacy.

59.     The resulting injuries that Jane Doe suffered include injuries directly and proximately suffered as a result of sex offenses committed by OneTaste's Customers, investors, and employees at the behest of Daedone and criminalized under article 130 of the New York Penal Laws.  The offenses included forcible touching of sexual or other intimate parts without consent, forbidden by New York Penal Law §§ 130.52, and 130.66.

60.     Regardless of when the tortious conduct (e.g., battery) and Chapter 130 Crimes were facilitated by Daedone, the conduct and crimes are now civilly actionable, regardless of any statute of limitations to the contrary, because they are covered by the one-year "look back" window in New York Adult Survivors Act. See N.Y. C.P.L.R. § 214-j

61.     Between at least 2004 and 2017, OneTaste knowingly and intentionally aided, abetted, and facilitated Daedone's conduct, through Chapter 130 Crimes recounted in the preceding paragraphs of this Count.

62.     As a direct and proximate result of Daedone's facilitation of tortious conduct and crimes, which OneTaste knowingly and intentionally aided, abetted, and facilitated, Jane Doe has in the past suffered, and in the future will continue to suffer, substantial damages, including damages from physical and psychological

12

injury, extreme emotional distress, humiliation, fear, psychological trauma, loss of dignity and self-esteem, and invasion of her privacy.

63.     At the time of Daedone's facilitation of intentionally tortious conduct, and crimes against Jane Doe, OneTaste was aware of a sex-trafficking venture and that its concrete steps in furtherance of the venture were aiding, abetting, and facilitating her batteries, tortious conduct, and crimes.

64.      OneTaste knowingly allowed Daedone to use her title and authority as CEO of OneTaste to manipulate members into situations where they were sexually abused.

65.     OneTaste had a duty not to commit tortious conduct and crimes— specifically aiding, abetting, and facilitating New York sex crimes as described above— directed against Jane Doe.

66.     At all relevant times, OneTaste acted with reckless disregard for the safety of the Plaintiff who was subjected to sexual abuse organized by Daedone.

67.     As a result of the foregoing, OneTaste is liable civilly for damages it directly, tortiously, and criminally caused to Jane Doe.

68.     Jane Doe is entitled to bring a cause of action for damages for physical, psychological, or other injury or condition suffered as a direct and proximate result of OneTaste's aiding, abetting, and facilitating Daedone's tortious conduct and crimes described above and for damages for physical, psychological, or other injury

or condition suffered as a direct and proximate result of Daedone's tortious conduct and crimes.

69.     By virtue of acting intentionally, outrageously, and with a high degree of moral turpitude and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations, OneTaste is liable to Jane Doe for punitive damages.

**COUNT TWO**
**NEGLIGENT FAILURE TO EXERCISE REASONABLE CARE TO PREVENT PHYSICAL HARM**
**AGAINST ONETASTE**

70.     Jane Doe adopts and realleges paragraphs 1 through 55 above.

71.     OneTaste owed a duty to Jane Doe to exercise reasonable care to avoid conduct that created a risk of physical harm to her.

72.     OneTaste's duties included a duty to exercise reasonable care to avoid conduct that would assist in Daedone scheme to force members into sexual situations, in violation of Chapter 130.

73.     OneTaste's own conduct in providing financial and other support for the sex trafficking venture set forces in motion that directly and proximately injured and caused physical harm to Jane Doe.

74.     OneTaste allowed Jane Doe and other members to be placed in situation where they were touched in an uncomfortable, sexual manner at the direction and under the guise of Daedone and "meditation."

75.    OneTaste owed Jane Doe a duty not to set those forces in motion because they unreasonably created a risk of physical harm.

76.    If OneTaste had acted reasonably to prevent physical harm, it would not have supported and allowed this tortious conduct and sex-trafficking and sex crimes to occur. OneTaste owed Jane Doe a duty to act objectively reasonably.

77.    Because of OneTaste's negligent failure to prevent physical harm to Jane Doe, it is liable to Jane Doe for damages suffered as a direct and proximate result.

78.    At all relevant times, OneTaste acted with reckless disregard for the safety of the Plaintiff who was subjected to sexual abuse.

79.    As a result, Plaintiff alleges that one or more exemptions set forth in N.Y. CPLR § 1602 applies.

80.    As a direct and proximate result of OneTaste's negligent failure to prevent physical harm, Jane Doe has in the past and will in the future continue to suffer substantial damages from psychological and physical injury, including extreme emotional distress, humiliation, fear, psychological trauma, loss of dignity and self-esteem, and invasion of privacy.  OneTaste's negligent failure to exercise reasonable care directly and proximately caused the sex crimes facilitated and organized by Nicole Daedone.

81.     By virtue of acting intentionally, outrageously, and with a high degree of moral turpitude and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations, OneTaste is liable to Jane Doe for punitive damages.

## COUNT THREE
## AIDING, ABETTING, AND FACILITATING BATTERY
## AGAINST NICOLE DAEDONE

82.     Jane Doe adopts and realleges paragraphs 1 through 55 above.

83.     Between about 2004 and 2017, in this District in New York, Nicole Daedone organized and encouraged perpetration of crimes against Jane Doe in violation of New York Penal Law Chapter 130 such as New York Penal Law §§ 130.52 and 130.66 (hereinafter "Chapter 130 crimes"), against Jane Doe.

84.     As described throughout this complaint, Daedone forced Jane Doe into situations that were harmful and offensive, that resulted in substantial injuries, including damages from physical and psychological injury, extreme emotional distress, humiliation, fear, psychological trauma, loss of dignity and self-esteem, and invasion of privacy.

85.     The resulting injuries that Jane Doe suffered include injuries directly and proximately suffered as a result of sex offenses committed by OneTaste's Customers, investors, and employees at the behest of Daedone and criminalized under article 130 of the New York Penal Laws.  The offenses included forcible

touching of sexual or other intimate parts without consent, forbidden by New York Penal Law §§ 130.52, and 130.66.

86.     Regardless of when the tortious conduct and Chapter 130 Crimes were facilitated by Daedone, the conduct and crimes are now civilly actionable, regardless of any statute of limitations to the contrary, because they are covered by the one-year "look back" window in New York Adult Survivors Act.  See N.Y. C.P.L.R. § 214-j

87.     Between at least 2004 and 2017, Daedone knowingly and intentionally aided, abetted, and facilitated harmful and offensive conduct, through Chapter 130 Crimes recounted in the preceding paragraphs of this Count.

88.     As a direct and proximate result of Daedone's facilitation of tortious conduct and crimes, which she knowingly and intentionally aided, abetted, and facilitated, Jane Doe has in the past suffered, and in the future will continue to suffer, substantial damages, including damages from physical and psychological injury, extreme emotional distress, humiliation, fear, psychological trauma, loss of dignity and self-esteem, and invasion of her privacy.

89.     At the time of Daedone's facilitation of intentionally tortious conduct, and crimes against Jane Doe, she was aware of a sex-trafficking venture and that its concrete steps in furtherance of the venture were aiding, abetting, and facilitating her batteries, tortious conduct, and crimes.

17

90.   Daedone used her title and authority as CEO of OneTaste to manipulate members into situations where they were sexually abused.

91.   Daedone had a duty not to commit tortious conduct and crimes—specifically aiding, abetting, and facilitating New York sex crimes as described above— directed against Jane Doe.

92.   At all relevant times, Daedone acted with reckless disregard for the safety of the Plaintiff who was subjected to sexual abuse organized and forced on her by Daedone.

93.   As a result of the foregoing, Daedone is liable civilly for damages it directly, tortiously, and criminally caused to Jane Doe.

94.   Jane Doe is entitled to bring a cause of action for damages for physical, psychological, or other injury or condition suffered as a direct and proximate result of Daedone's aiding, abetting, and facilitating Daedone's tortious conduct and crimes described above and for damages for physical, psychological, or other injury or condition suffered as a direct and proximate result of Daedone's tortious conduct and crimes.

95.   By virtue of acting intentionally, outrageously, and with a high degree of moral turpitude and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations, Daedone is liable to Jane Doe for punitive damages.

## COUNT FOUR
## AIDING, ABETTING, AND FACILITATING BATTERY
## AGAINST RACHEL CHERWITZ

96.     Jane Doe adopts and realleges paragraphs 1 through 55 above.

97.     Between about 2009 and 2017, in this District in New York, Rachel
Cherwitz, as the head of sales and top lieutenant organized and encouraged
perpetration of crimes against Jane Doe in violation of New York Penal Law
Chapter 130 such as New York Penal Law §§ 130.52 and 130.66 (hereinafter
"Chapter 130 crimes"), against Jane Doe.

98.     As described throughout this complaint, Cherwitz forced Jane Doe
into situations that were harmful and offensive, that resulted in substantial injuries,
including damages from physical and psychological injury, extreme emotional
distress, humiliation, fear, psychological trauma, loss of dignity and self-esteem,
and invasion of privacy.

99.     The resulting injuries that Jane Doe suffered include injuries directly
and proximately suffered as a result of sex offenses committed by OneTaste's
Customers, investors, and employees at the behest of Cherwitz and criminalized
under article 130 of the New York Penal Laws.  The offenses included forcible
touching of sexual or other intimate parts without consent, forbidden by New York
Penal Law §§ 130.52, and 130.66.

100.   Regardless of when the tortious conduct and Chapter 130 Crimes were facilitated by Cherwitz's, the conduct and crimes are now civilly actionable, regardless of any statute of limitations to the contrary, because they are covered by the one-year "look back" window in New York Adult Survivors Act.  See N.Y. C.P.L.R. § 214-j.

101.   Between   at   least   2004   and   2017,   Cherwitz   knowingly   and intentionally aided, abetted, and facilitated harmful and offensive conduct, through Chapter 130 Crimes recounted in the preceding paragraphs of this Count.

102.   As a direct and proximate result of Cherwitz's facilitation of tortious conduct and crimes, which she knowingly and intentionally aided, abetted, and facilitated, Jane Doe has in the past suffered, and in the future will continue to suffer, substantial damages, including damages from physical and psychological injury, extreme emotional distress, humiliation, fear, psychological trauma, loss of dignity and self-esteem, and invasion of her privacy.

103.   At the time of Cherwitz's facilitation of intentionally tortious conduct, and crimes against Jane Doe, she was aware of a sex-trafficking venture and that its concrete steps in furtherance of the venture were aiding, abetting, and facilitating her batteries, tortious conduct, and crimes.

104.   Cherwitz used her title and authority as Head of Sales to manipulate members into situations where they were sexually abused.

20

105.   Cherwitz had a duty not to commit tortious conduct and crimes—specifically aiding, abetting, and facilitating New York sex crimes as described above— directed against Jane Doe.

106.   At all relevant times, Cherwitz acted with reckless disregard for the safety of the Plaintiff who was subjected to sexual abuse organized and forced on her by Cherwitz.

107.   As a result of the foregoing, Cherwitz is liable civilly for damages it directly, tortiously, and criminally caused to Jane Doe.

108.   Jane Doe is entitled to bring a cause of action for damages for physical, psychological, or other injury or condition suffered as a direct and proximate result of Cherwitz's aiding, abetting, and facilitating Cherwitz's tortious conduct and crimes described above and for damages for physical, psychological, or other injury or condition suffered as a direct and proximate result of Cherwitz's tortious conduct and crimes.

109.   By virtue of acting intentionally, outrageously, and with a high degree of moral turpitude and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations, Cherwitz is liable to Jane Doe for punitive damages.

## COUNT FIVE
## NEGLIGENT FAILURE TO EXERCISE REASONABLE CARE TO PREVENT PHYSICAL HARM
## AGAINST NICOLE DAEDONE

110.   Jane Doe adopts and realleges paragraphs 1 through 55 above.

111.   Nicole Daedone owed a duty to Jane Doe to exercise reasonable care to avoid conduct that created a risk of physical harm to her.

112.   Nicole Daedone's duties included a duty to exercise reasonable care to avoid conduct that would force members into sexual situations, in violation of Chapter 130.

113.   Nicole Daedone' s own conduct in organizing, directing, and facilitating the sex trafficking venture set forces in motion that directly and proximately injured and caused physical harm to Jane Doe.

114.   Nicole Daedone allowed and forced Jane Doe and other members to be placed in situation where they were touched in an uncomfortable, sexual manner at the direction and under the guise of "meditation" and "wellness."

115.   Nicole Daedone owed Jane Doe a duty not to set those forces in motion because they unreasonably created a risk of physical harm.

116.   If Nicole Daedone had acted reasonably to prevent physical harm, it would not have supported and allowed this tortious conduct and sex-trafficking and sex crimes to occur. Daedone owed Jane Doe a duty to act objectively reasonably.

117.   Because of Nicole Daedone's negligent failure to prevent physical harm to Jane Doe, it is liable to Jane Doe for damages suffered as a direct and proximate result.

118.   At all relevant times, Nicole Daedone acted with reckless disregard for the safety of the Plaintiff who was subjected to sexual abuse.

119.   As a result, Plaintiff alleges that one or more exemptions set forth in N.Y. CPLR § 1602 applies.

120.   As a direct and proximate result of Nicole Daedone's negligent failure to prevent physical harm, Jane Doe has in the past and will in the future continue to suffer substantial damages from psychological and physical injury, including extreme emotional distress, humiliation, fear, psychological trauma, loss of dignity and self-esteem, and invasion of privacy.  OneTaste's negligent failure to exercise reasonable care directly and proximately caused the sex crimes facilitated and organized by Nicole Daedone.

121.   By virtue of acting intentionally, outrageously, and with a high degree of moral turpitude and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations, Nicole Daedone is liable to Jane Doe for punitive damages.

## COUNT SIX
## NEGLIGENT FAILURE TO EXERCISE REASONABLE CARE TO PREVENT PHYSICAL HARM
## AGAINST RACHEL CHERWITZ

122.   Jane Doe adopts and realleges paragraphs 1 through 55 above.

123.   Rachel Cherwitz Owed a duty to Jane Doe to exercise reasonable care to avoid conduct that created a risk of physical harm to her.

124.   Rachel Cherwitz's duties included a duty to exercise reasonable care to avoid conduct that would force members into sexual situations, in violation of Chapter 130.

125.   Rachel Cherwitz's conduct in organizing, directing, and facilitating the sex trafficking venture set forces in motion that directly and proximately injured and caused physical harm to Jane Doe.

126.   Rachel Cherwitz allowed and forced Jane Doe and other members to be placed in situation where they were touched in an uncomfortable, sexual manner at the direction and under the guise of "meditation" and "wellness."

127.   Rachel Cherwitz owed Jane Doe a duty not to set those forces in motion because they unreasonably created a risk of physical harm.

128.   If Rachel Cherwitz had acted reasonably to prevent physical harm, it would not have supported and allowed this tortious conduct and sex-trafficking and sex crimes to occur. Daedone owed Jane Doe a duty to act objectively reasonably.

129.   Because of Rachel Cherwitz's negligent failure to prevent physical harm to Jane Doe, it is liable to Jane Doe for damages suffered as a direct and proximate result.

130.   At all relevant times, Rachel Cherwitz acted with reckless disregard for the safety of the Plaintiff who was subjected to sexual abuse.

131.   As a result, Plaintiff alleges that one or more exemptions set forth in N.Y. CPLR § 1602 applies.

132.   As a direct and proximate result of Rachel Cherwitz's negligent failure to prevent physical harm, Jane Doe has in the past and will in the future continue to suffer substantial damages from psychological and physical injury, including extreme emotional distress, humiliation, fear, psychological trauma, loss of dignity and self-esteem, and invasion of privacy.  OneTaste's negligent failure to exercise reasonable care directly and proximately caused the sex crimes facilitated and organized by Rachel Cherwitz.

133.   By virtue of acting intentionally, outrageously, and with a high degree of moral turpitude and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations, Rachel Cherwitz is liable to Jane Doe for punitive damages.

**COUNT SEVEN**
**CONSPIRACY TO COMMIT VIOLATIONS OF THE TRAFFICKING**
**VICTIM PROTECTION ACT, 18 U.S.C. §§ 1594(c), 1589, 1595**
**AGAINST NICOLE DAEDONE**

134.    Jane Doe adopts and realleges paragraphs 1 through 55 above.

135.    Daedone intentionally conspired with others, including OneTaste and

her other co-conspirators, by agreement and understanding, to violate 18 U.S.C. §§

1589 & 1591(d), and to further the sex-trafficking venture to coerce commercial

sex acts from JANE DOE, all in violation of 18 U.S.C. § 1594(c). Daedone directly

conspired with ONETASTE officers and employees to further the sex-trafficking

venture.

136.    Daedone's conspiracy to violate 18 U.S.C. 1589 was forbidden by 18

U.S.C. § 1594(c), and Daedone thereby violated Chapter 77, Title 18. Daedone's

conspiracy directly, proximately, and foreseeably harmed Jane Doe, by directly

leading to her forcibly being caused to engage in commercial sex acts and in other

ways. Daedone's conspiracy victimized Jane Doe.

137.    Daedone's conspiracy to violate 18 U.S.C. 1589was forbidden by 18

U.S.C. § 1594(c), and Jeffries thereby violated Chapter 77, Title 18. Daedone's

conspiracy directly, proximately, and foreseeably harmed Jane Doe, by directly

leading to their forcibly being caused to engage in commercial sex acts and in other

ways. Daedone's conspiracy victimized Jane Doe.

26

138.   Daedone conspired with OneTaste and her other co-conspirators to further the sex-trafficking venture and with the purpose of facilitating illegal sex trafficking.  Daedone had actual knowledge of the sex-trafficking venture Daedone acted with the specific intent to violate 18 U.S.C. §§ 1589), that is, with consciousness of the nature of the sex-trafficking venture and with the specific intent to further venture.  Daedone and OneTaste had a meeting of the minds as to the essential nature of the plan.

139.   Daedone's conspiracy with OneTaste was part of his participation in the sex-trafficking venture. Without OneTaste agreeing to facilitate the venture, Daedone would not have been a position to move forward with his sex-trafficking venture and to recruit and entice victims of the venture.

140.   Daedone's conspiracy was directed specifically at Jane Doe, who is a victim of the sex trafficking organization.

141.   By virtue of these violations of 18 U.S.C. § 1594(c) DAEDONE is liable to Jane Doe for the damages they sustained and reasonable attorneys' fees under 18 U.S.C. § 1595.

142.   By virtue of his intentional and outrageous conspiracy to violate 18 U.S.C. §§ 1594(c), Daedone is liable to Jaen Doe for punitive damages under 18 U.S.C. § 1595.

**COUNT EIGHT**
**LABOR TRAFFICKING UNDER 18 U.S.C. § 1589**
**AGAINST NICOLE DAEDONE**

143.   The Plaintiff adopts and realleges paragraphs 1 through 55 above.

144.   Jane Doe is a victim of labor trafficking within the meaning of 18 U.S.C. § 1589(a), (b), (c) and is therefore entitled to bring a civil action under 18 U.S.C. § 1589.

145.   From 2004 through 2017, Nicole Daedone's knowingly established and ran a labor-trafficking venture and conspiracy in violation of 18 U.S.C. §§ 1589–95.

146.   Jane Doe was a member of OneTaste from 2008 to 2014.

147.   Nicole Daedone, in her role as CEO of OneTaste and for the benefit of OneTaste, used means of force, threats of force, fraud, coercion, abuse of legal process, and a combination of these means to cause multiple OneTaste members, including Jane Doe, to engage in services that violate 18 U.S.C. § 1589.

148.   The Defendants' acts and omissions, taken separately and/or together, as outlined above, constitute a violation of 18 U.S.C. § 1589. Specifically, Nicole Daedone perpetrating labor trafficking of Jane Doe by requiring her to engage in in unwanted sexual acts that she found uncomfortable with potential OneTaste's customers and investors as well as her co-workers as a part of her job or she would be degraded, humiliated, shamed.

149.   OneTaste and Nicole Daedone benefitted from the venture by holding Jane Doe, who was employed and financially dependent on them to the demands and desires of OneTaste.

150.   At all relevant times, Defendants participated in and facilitated the harboring and transportation of Jane Doe for purposes of labor induced by force, fraud, or coercion.

151.   The Defendant Corporation has financially and otherwise benefited as a result of these acts and omissions, Nicole Daedone benefited from facilitating this forced labor.

152.   Daedone knowingly and intentionally participated in the labor-trafficking venture by requiring Jane Doe to travel and engage in forced acts in multiple jurisdictions as part of her employment.

153.   As a condition of her employment, OneTaste compelled Jane Doe to move into a OneTaste "community center" where she lived, worked and slept with other OneTaste members.

154.   Jane Doe was encouraged to isolate herself from people who were not members of the OneTaste Community.

155.   As a direct and proximate result of Defendants' unlawful conduct as alleged hereinabove, Jane Doe has suffered physical injury, severe emotional

distress and anxiety, humiliation, embarrassment, post-traumatic stress disorder, economic harm and other consequential damages.

156.   Plaintiff also seeks reasonable attorneys' fees as provided under 18 U.S.C. § 1589(a), (b), (c).

**COUNT NINE**
**LABOR TRAFFICKING UNDER 18 U.S.C. § 1589**
**AGAINST ONETASTE**

157.   The Plaintiff adopts and realleges paragraphs 1 through 55 above.

158.   Jane Doe is a victim of sex trafficking within the meaning of 18 U.S.C. § 1589(a), (b), (c) and is therefore entitled to bring a civil action under 18 U.S.C. § 1589.

159.   From 2004 through 2017, Defendant's knowingly established and ran a labor-trafficking venture and conspiracy in violation of 18 U.S.C. §§ 1589–95.

160.   Jane Doe was a member of OneTaste from 2008 to 2014.

161.   OneTaste supported Nicole Daedone, in her role as CEO of OneTaste and for the benefit of OneTaste, ratified her means of force, threats of force, fraud, coercion, abuse of legal process, and a combination of these means to cause multiple OneTaste members, including Jane Doe, to engage in services that violate 18 U.S.C. § 1589.

162.   OneTaste's acts and omissions, taken separately and/or together, as outlined above, constitute a violation of 18 U.S.C. § 1589. Specifically, Nicole

Daedone perpetrating labor trafficking of Jane Doe by requiring her to engage in unwanted sexual acts that she found uncomfortable with potential OneTaste's customers and investors as well as her co-workers as a part of her job or she would be degraded, humiliated, shamed and sometimes, not paid.

163.    OneTaste benefitted from the venture by holding Jane Doe, who was employed and financially dependent on them to meet the demands and desires of OneTaste.

164.    At all relevant times, OneTaste participated in and facilitated the harboring and transportation of Jane Doe for purposes of labor induced by force, fraud, or coercion.

165.    Defendants OneTaste and OneTaste NYC have financially and otherwise benefited as a result of these acts and omissions. They benefited from Nicole Daedone's facilitation and behavior to the extent it kept the CEO happy and kept Jane Doe obedient to OneTaste and its directives.

166.    Along with Daedone, OneTaste knowingly and intentionally participated in the labor-trafficking venture by requiring Jane Doe to travel and engage in forced acts in multiple jurisdictions as part of her employment.

167.    Jane Doe was also encouraged to incur debt to become a OneTaste Coach and reach further "enlightenment."

168.   As a condition of her employment, OneTaste compelled Jane Doe to move into a OneTaste "community center" where she lived, worked and slept with other OneTaste members.

169.   Jane Doe was encouraged to isolate herself from non-OneTaste Community members.

170.   As a direct and proximate result of OneTaste's unlawful conduct as alleged hereinabove, Jane Doe has suffered physical injury, severe emotional distress and anxiety, humiliation, embarrassment, post-traumatic stress disorder, economic harm and other consequential damages.

171.   Plaintiff also seeks reasonable attorneys' fees as provided under 18 U.S.C. § 1589(a), (b), (c).

## COUNT TEN
## LABOR TRAFFICKING UNDER 18 U.S.C. § 1589
## AGAINST ONETASTE, NYC LLC

172.   The Plaintiff adopts and realleges paragraphs 1 through 55 above.

173.   Jane Doe is a victim of sex trafficking within the meaning of 18 U.S.C. § 1589(a), (b), (c) and is therefore entitled to bring a civil action under 18 U.S.C. § 1589.

174.   From 2004 through 2017, Defendants' knowingly established and ran a labor-trafficking venture and conspiracy in violation of 18 U.S.C. §§ 1589–95.

175.   Jane Doe was a member of OneTaste NYC, LLC from 2008 to 2014.

176.   OneTaste NYC supported Nicole Daedone, in her role as CEO of OneTaste and for the benefit of OneTaste NYC, ratified her means of force, threats of force, fraud, coercion, abuse of legal process, and a combination of these means to cause multiple OneTaste members, including Jane Doe, to engage in services that violate 18 U.S.C. § 1589.

177.   OneTaste NYC's acts and omissions, taken separately and/or together, as outlined above, constitute a violation of 18 U.S.C. § 1589. Specifically, Nicole Daedone perpetrating labor trafficking of Jane Doe by requiring her to engage in in unwanted sexual acts that she found uncomfortable with potential OneTaste's customers and investors as well as her co-workers as a part of her job or she would be degraded, humiliated, shamed and sometimes, not paid.

178.   OneTaste NYC benefitted from the venture by holding Jane Doe, who was employed and financially dependent on them to meet the demands and desires of OneTaste.

179.   At all relevant times, OneTaste NYC participated in and facilitated the harboring and transportation of Jane Doe for purposes of labor induced by force, fraud, or coercion.

180.   The Defendant Corporation have financially and otherwise benefited as a result of these acts and omissions. They benefited from Nicole Daedone's

facilitation and behavior to the extent it kept the CEO happy and kept Jane Doe obedient to OneTaste and its directives.

181.   Along with Daedone, OneTaste NYC knowingly and intentionally participated in the labor-trafficking venture by requiring Jane Doe to travel and engage in forced acts in multiple jurisdictions as part of her employment.

182.   Jane Doe was also encouraged to incur debt to become a OneTaste Coach and reach further "enlightenment."

183.   As a condition of her employment, OneTaste compelled Jane Doe to move into a OneTaste "community center" where she lived, worked and slept with other OneTaste members. Jane Doe was encouraged to isolate herself from non-OneTaste Community members.

184.   As a direct and proximate result of OneTaste NYC's unlawful conduct as alleged hereinabove, Jane Doe has suffered physical injury, severe emotional distress and anxiety, humiliation, embarrassment, post-traumatic stress disorder, economic harm and other consequential damages.

185.   Plaintiff also seeks reasonable attorneys' fees as provided under 18 U.S.C. § 1589(a), (b), (c).

## COUNT TWELVE
## VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 10-1101 AGAINST NICOLE DAEDONE

186.   Jane Doe realleges and incorporates by paragraphs 1 – 57, as if fully set forth in this Count.

187.   Nicole Daedone, directed, enabled, participated in, or conspired in the sex-trafficking venture which resulted in a violent act motivated by gender after Nicole Daedone subjected Jane Doe to sexual abuse within the meaning of the Victims of Gender-Motivated Violence Protection Law (hereinafter referred to as "VGM"). Admin. Code of City of N.Y. § 10-1101.

188.   At all times material hereto, OneTaste employed Nicole Daedone as its CEO.

189.   Daedone facilitated and assisted in committing acts of gender-motivated violence against Jane Doe when they subjected her to acts of sexual abuse from other OneTaste members and potential customers of OneTaste.

190.   The acts of gender-motivated violence against Jane Doe were committed because of her gender or on the basis of her gender, and due, at least in part, to an animus based on their gender.

191.   Female genitalia was the crux of the orgasmic meditation practice touted by OneTaste.

192.   Without   Nicole   Daedone's   insistence,   directing,   enabling, participating in, or conspiring in the sex-trafficking venture, the above offenses could not have been committed against Jane Doe.

193.   At all relevant times, OneTaste knew, or should have known, of Daedone propensity to facilitate, organize and assist in committing the violent crimes but failed to take any action to remove them from power, thereby enabling their predatory behavior and the subsequent crimes committed against Jane Doe.

194.   At all relevant times, Daedone acted with reckless disregard for the safety of Jane Doe who was subjected to sexual abuse.

195.   As a result, Plaintiff alleges that one or more exemptions set forth in N.Y. CPLR § 1602 applies.

196.   As a direct and proximate cause of Nicole Daedone's unlawful conduct in violation of the VGM, Plaintiff has suffered damages, including physical and emotional pain and suffering, mental anguish, and the loss of capacity for the enjoyment of life.

197.   As a direct and proximate result of Nicole Daedone's unlawful conduct in violation of the VGM, Plaintiff is entitled to punitive damages.

## COUNT THIRTEEN
## VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 10-1101 AGAINST RACHEL CHERWITZ

198.   Jane Doe realleges and incorporates by paragraphs 1 – 57, as if fully set forth in this Count.

199.   Rachel Cherwitz committed, directed, enabled, participated in, or conspired in the sex-trafficking venture which resulted in a violent act motivated by gender subjecting Jane Doe to sexual abuse within the meaning of the Victims of Gender-Motivated Violence Protection Law (hereinafter referred to as "VGM"). Admin. Code of City of N.Y. § 10-1101.

200.   At all times material hereto, OneTaste employed Rachel Cherwitz as its head of sales.

201.   Cherwitz facilitated and assisted in committing acts of gender-motivated violence against Jane Doe when they subjected her to acts of sexual abuse from other OneTaste members and potential customers of OneTaste.

202.   The acts of gender-motivated violence against Jane Doe were committed because of her gender or on the basis of her gender, and due, at least in part, to an animus based on their gender.

203.   Female genitalia was the crux of the orgasmic meditation practice touted by OneTaste.

204.   Without Cherwitz facilitating, directing, enabling, participating in, or conspiring in the sex-trafficking venture, the above offenses could not have been committed against Jane Doe.

205.   At all relevant times, Cherwitz acted with reckless disregard for the safety of Jane Doe who was subjected to sexual abuse.

206.   As a result, Plaintiff alleges that one or more exemptions set forth in N.Y. CPLR § 1602 applies.

207.   As a direct and proximate cause of Rachel Cherwitz's unlawful conduct in violation of the VGM, Plaintiff has suffered damages, including physical and emotional pain and suffering, mental anguish, and the loss of capacity for the enjoyment of life.

208.   As a direct and proximate result of Rachel Cherwitz's unlawful conduct in violation of the VGM, Plaintiff is entitled to punitive damages.

**COUNT FOURTEEN**
**VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 10-1101**
**AGAINST ONETASTE**

209.   Jane Doe realleges and incorporates by paragraphs 1 – 57, as if fully set forth in this Count.

210.   OneTaste committed, directed, enabled, participated in, or conspired in the sex-trafficking venture which resulted in a violent act motivated by gender subjecting Jane Doe to sexual abuse within the meaning of the Victims of Gender-

Motivated Violence Protection Law (hereinafter referred to as "VGM"). Admin. Code of City of N.Y. § 10-1101.

211.   At all times material hereto, OneTaste employed Nicole Daedone as its CEO.

212.   At all times material hereto, OneTaste employed Rachel Cherwitz as its head of sales.

213.   Daedone and Cherwitz committed acts of gender-motivated violence against Jane Doe when they subjected her to acts of sexual abuse from other OneTaste members and potential customers of OneTaste.

214.   The acts of gender-motivated violence against Jane Doe were committed because of her gender or on the basis of her gender, and due, at least in part, to an animus based on their gender.

215.   Female genitalia was the crux of the orgasmic meditation practice touted by OneTaste.

216.   Without the Defendants committing, directing, enabling, participating in, or conspiring in the sex-trafficking venture, the above offenses could not have been committed against Jane Doe.

217.   At all relevant times, OneTaste knew, or should have known, of Daedone's and Cherwitz's propensity to commit the violent crimes but failed to

take any action to remove them from power, thereby enabling their predatory behavior and the subsequent crimes committed against Jane Doe.

218.   At all relevant times, OneTaste acted with reckless disregard for the safety of Jane Doe who was subjected to sexual abuse.

219.   As a result, Plaintiff alleges that one or more exemptions set forth in N.Y. CPLR § 1602 applies.

220.   As a direct and proximate cause of OneTaste's unlawful conduct in violation of the VGM, Plaintiff has suffered damages, including physical and emotional pain and suffering, mental anguish, and the loss of capacity for the enjoyment of life.

221.   As a direct and proximate result of OneTaste's unlawful conduct in violation of the VGM, Plaintiff is entitled to punitive damages.

## COUNT FIFTEEN
## VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 10-1101 AGAINST ONETASTE NYC, LLC

222.   Jane Doe realleges and incorporates by paragraphs 1 – 57, as if fully set forth in this Count.

223.   OneTaste NYC, LLC committed, directed, enabled, participated in, or conspired in the sex-trafficking venture which resulted in a violent act motivated by gender subjecting Jane Doe to sexual abuse within the meaning of the Victims

of Gender-Motivated Violence Protection Law (hereinafter referred to as "VGM").

Admin. Code of City of N.Y. § 10-1101.

224.   At all times material hereto, OneTaste NYC employed Nicole Daedone as its CEO.

225.   At all times material hereto, OneTaste NYC employed Rachel Cherwitz as its head of sales.

226.   Daedone and Cherwitz committed acts of gender-motivated violence against Jane Doe when they subjected her to acts of sexual abuse from other OneTaste members and potential customers of OneTaste.

227.   The acts of gender-motivated violence against Jane Doe were committed because of her gender or on the basis of her gender, and due, at least in part, to an animus based on their gender.

228.   Female genitalia was the crux of the orgasmic meditation practice touted by OneTaste.

229.   Without the Defendants committing, directing, enabling, participating in, or conspiring in the sex-trafficking venture, the above offenses could not have been committed against Jane Doe.

230.   At all relevant times, OneTaste NYC knew, or should have known, of Daedone's and Cherwitz's propensity to commit the violent crimes but failed to

take any action to remove them from power, thereby enabling their predatory behavior and the subsequent crimes committed against Jane Doe.

231.   At all relevant times, OneTaste NYC acted with reckless disregard for the safety of Jane Doe who was subjected to sexual abuse.

232.   As a result, Plaintiff alleges that one or more exemptions set forth in N.Y. CPLR § 1602 applies.

233.   As a direct and proximate cause of OneTaste NYC's unlawful conduct in violation of the VGM, Plaintiff has suffered damages, including physical and emotional pain and suffering, mental anguish, and the loss of capacity for the enjoyment of life.

234.   As a direct and proximate result of OneTaste NYC's unlawful conduct in violation of the VGM, Plaintiff is entitled to punitive damages.

**COUNT SIXTEEN**
**VIOLATION OF N.Y. PENAL LAW § 135.35**
**AGAINST NICOLE DAEDONE**

235.   Jane Doe realleges and incorporates by paragraphs 1 – 56, as if fully set forth in this Count.

236.   At all times material hereto, Jane Doe was a victim of New York Penal Law § 135.35 in that Nicole Daedone compelled or induced Jane Doe to engage in labor using force or engaging in any scheme, plan or pattern to compel or induce such person to engage in or continue to engage in labor activity by means of

instilling a fear in such person that, if the demand is not complied with, the actor or another will engage in other conduct constituting a felony or unlawful imprisonment in the second degree expose a secret or publicize an asserted fact, whether true or false, tending to subject some person to hatred, contempt or ridicule.

237.   Specifically, Daedone groomed and recruited OneTaste's members, like Jane Doe for the purpose of engaging in sexual acts with strangers, including, OneTaste's current and prospective investors, clients, employees and beneficiaries. All of this was done solely for the financial benefit of OneTaste.

238.   The defendant, Daedone also instructed OneTaste's members, like Jane Doe, to engage in sexual acts they found uncomfortable or repulsive to demonstrate their commitment to OneTaste and Daedone.

239.   If Jane Doe declined to participate in the directives of the Defendants, Jane Doe was subjected to publicly shame, humiliation and workplace as it was seen as a failure for her to maintain OneTaste's orders.

240.   Additionally, the defendants employed harassment and coercion to intimidate and attack OneTaste's members perceived to be enemies and critics of Daedone, OneTaste or both.

241.   As a direct and proximate result of Nicole Daedone's unlawful conduct as alleged hereinabove, Plaintiff has suffered physical injury, severe

emotional distress and anxiety, humiliation, embarrassment, post-traumatic stress disorder, economic harm and other consequential damages.

242.   Plaintiff also seeks reasonable attorneys' fees as provided under N.Y. Soc. Serv. § 483-

## COUNT SEVENTEEN
## VIOLATION OF N.Y. PENAL LAW § 135.35
## AGAINST RACHEL CHERWITZ

243.   Jane Doe realleges and incorporates by paragraphs 1 – 56, as if fully set forth in this Count.

244.   At all times material hereto, Jane Doe was a victim of New York Penal Law § 135.35 in that Rachel Cherwitz compelled or induced Jane Doe to engage in labor using force or engaging in any scheme, plan or pattern to compel or induce such person to engage in or continue to engage in labor activity by means of instilling a fear in such person that, if the demand is not complied with, the actor or another will engage in other conduct constituting a felony or unlawful imprisonment in the second degree expose a secret or publicize an asserted fact, whether true or false, tending to subject some person to hatred, contempt or ridicule.

245.   Specifically, Cherwitz groomed and recruited OneTaste's members, like Jane Doe for the purpose of engaging in sexual acts with strangers, including OneTaste's current and prospective investors, clients, employees and beneficiaries. All of this was done solely for the financial benefit of OneTaste.

246.   The defendant, Cherwitz also instructed OneTaste's members, like Jane Doe, to engage in sexual acts they found uncomfortable or repulsive to demonstrate their commitment to OneTaste and their CEO, Daedone.

247.   If Jane Doe declined to participate in the directives of the Defendants, Jane Doe was subjected to publicly shame, humiliation and workplace as it was seen as a failure for her to maintain OneTaste's orders.

248.   Additionally, the defendants employed harassment and coercion to intimidate and attack OneTaste's members perceived to be enemies and critics of Daedone, OneTaste or both.

249.   As a direct and proximate result of Rachel Cherwitz's unlawful conduct as alleged hereinabove, Plaintiff has suffered physical injury, severe emotional distress and anxiety, humiliation, embarrassment, post-traumatic stress disorder, economic harm and other consequential damages.

250.   Plaintiff also seeks reasonable attorneys' fees as provided under N.Y. Soc. Serv. § 483.

## COUNT EIGHTEEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST NICOLE DAEDONE

249.   The Plaintiff adopts and realleges paragraphs 1 through 56 above.

250.   As a direct and proximate result of Daedone's tortious conduct and sex crimes in violation of Chapter 130, Daedone intentionally inflicted emotional distress against Jane Doe.

251.   Daedone's actions, described above, constitute extreme and outrageous conduct that shocks the conscience.

252.   Daedone's conduct was especially extreme and outrageous due to Jane Doe's particular vulnerabilities as targets of a sex-trafficking venture.

253.   Daedone intended to cause, and did cause, Jane Doe severe emotional distress.

254.   Because Daedone intentionally inflicted extreme emotional distress on Jane Doe, she is liable to Jane Doe for damages she suffered as a direct and proximate result.

255.   At all relevant times, Daedone acted with reckless disregard for the safety of the Plaintiff and others who were subjected to Daedone's negligence in promoting this sexual abuse.

256.   As a result, Plaintiff alleges that one or more exemptions set forth in N.Y. CPLR § 1602 applies.

257.   By virtue of Daedone's intentional conduct, Daedone is liable to Jane Doe for the damages they sustained and reasonable attorneys' fees.

258.   By virtue of acting intentionally, outrageously, and with a high degree of moral turpitude and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations, Daedone is liable to Jane Doe for punitive damages.

## COUNT NINETEEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST RACHEL CHERWITZ

259.   The Plaintiff adopts and realleges paragraphs 1 through 56 above.

260.   As a direct and proximate result of Cherwitz's tortious conduct and sex crimes in violation of Chapter 130, Cherwitz intentionally inflicted emotional distress against Jane Doe.

261.   Cherwitz's actions, described above, constitute extreme and outrageous conduct that shocks the conscience.

262.   Cherwitz's conduct was especially extreme and outrageous due to Jane Doe's particular vulnerabilities as targets of a sex-trafficking venture.

263.   Cherwitz intended to cause, and did cause, Jane Doe severe emotional distress.

264.   Because Cherwitz intentionally inflicted extreme emotional distress on Jane Doe, she is liable to Jane Doe for damages she suffered as a direct and proximate result.

265.   At all relevant times, Cherwitz acted with reckless disregard for the safety of the Plaintiff and others who were subjected to Cherwitz's negligence in promoting this sexual abuse.

266.   As a result, Plaintiff alleges that one or more exemptions set forth in N.Y. CPLR § 1602 applies.

267.   By virtue of Cherwitz's intentional conduct, Cherwitz is liable to Jane Doe for the damages they sustained and reasonable attorneys' fees.

268.   By virtue of acting intentionally, outrageously, and with a high degree of moral turpitude and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations, Cherwitz is liable to Jane Doe for punitive damages.

## <u>REQUESTED RELIEF</u>

**WHEREFORE**, Plaintiff requests judgment be entered in her favor against Defendants, and each of them, as follows:

a.   That the Court award Plaintiff compensatory, consequential, general, nominal, and punitive damages against Defendants in an amount to be determined at trial;

b.   That the Court award Plaintiff for mental pain and anguish and severe emotional distress, in an amount to be determined at trial;

      c.      That the Court award punitive and exemplary damages against Defendants in an amount to be determined at trial;

      d.      That the Court award to Plaintiff the costs and disbursements of the action, along with reasonable attorneys' fees, costs, and expenses

      e.      For prejudgment and post-judgment interest; and

      f.      For such other and further relief as the Court may deem just and proper

Dated:  November 20, 2023

Respectfully submitted,

EDWARDS HENDERSON LEHRMAN

By: */s/ Brittany N. Henderson*
Brittany N. Henderson
Seth M. Lehrman (pro hac vice will be sought)
Catherine L. Davis (pro hac vice will be sought)
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
TEL: (954) 524-2820
FAX: (954) 524-2822
E-mail: brittany@cvlf.com

*Attorneys for Plaintiff*