

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __4/17/2024__

April 16, 2024

**VIA ECF**

**MEMORANDUM ENDORSED**

Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
Room 2260
New York, NY 10007

       Re:    **Jane Doe v. OneTaste, Inc., et al.**
                23 cv 10184 (GHM)

Dear Judge Woods:

This firm represents the Defendants OneTaste, Inc. ("OneTaste"), OneTaste NYC LLC ("OneTaste NYC"), Nicole Daedone ("Daedone"), and Rachel Cherwitz ("Cherwitz") (collectively, "Defendants") in the above-referenced matter. I write on behalf of Defendants to request an adjournment of the Initial Pre-Trial Conference in this matter, currently scheduled for April 26, 2024, and of the time for the parties to file a Proposed Civil Case Management Plan and joint status letter, both currently due on April 19, 2024, and an extension of time for Defendants to answer, move with respect to or otherwise respond to the Complaint in this matter, currently due on April 22, 2024.

There are no other scheduled dates that will be affected by granting the relief requested herein.

Defendants request that all of the foregoing dates be adjourned or extended without date, pending resolution of a motion that Defendants will be filing shortly for (i) a mandatory stay of this case under Section 1595(b) of the Trafficking Victims Protection Reauthorization Act (the "TVPRA"),[1] which mandates a stay of this action until such time as there is a "final adjudication" of the related criminal matter pending in the United States District Court for the Eastern District of New York against Daedone and Cherwitz (jointly hereinafter, "Individual Defendants"), *U.S. v. Cherwitz and Daedone*, 23-CR-146-DG (the "Criminal Action"); or, alternatively, for (ii) a discretionary stay of this case (a) to protect the constitutional rights of Daedone and Cherwitz against self-incrimination under the Fifth Amendment of the United States Constitution; (b) to avoid undue interference in the ongoing federal Criminal Action against Daedone and Cherwitz; and (c) to avoid prejudice to corporate defendants OneTaste and

---

[1]     The TVPRA is codified at 18 U.S.C. §§ 1589-1595, *et seq.*

**New York**
885 Third Avenue, 20th Floor
New York, NY 10022
Main: 212-209-3050

**Princeton**
4 Independence Way, Suite 120
Princeton, NJ 08540
Main: 609-514-1500

**Los Angeles**
530 Wilshire Blvd. Suite 301
Santa Monica, CA 90401
Main: 310-337-2305

259105               **www.reitlerlaw.com**

April 15, 2024
Page 2 of 3

OneTaste NYC (the "Corporate Defendants") by reason of the non-participation or limited participation of the Individual Defendants in this action due to the pending Criminal Action.

Plaintiff has consented to the adjournments and extensions requested herein, but does not consent to a stay pending final resolution of the Criminal Action.

There has been no prior request to extend Defendants' time to respond to the Complaint.  The Initial Pre-Trial Conference was initially scheduled for February 29, 2024, and has been adjourned twice, at the request of Plaintiff, initially to March 15, 2024, and then to April 26, 2024.  The time for the parties to file a Proposed Civil Case Management Plan and joint status letter has also been extended, at the request of Plaintiff, twice, from February 22, 2024 to March 8, 2024 and then to April 19, 2024.  Such prior adjournments were necessitated by the fact that it was not until February 21, 2024 that Plaintiff served on Defendants a Waiver of the Service of Summons (the "Waiver").  An executed copy of the Waiver was electronically filed by Plaintiff on March 7, 2024.  See ECF Doc. No. 18.

Plaintiff Jane Doe commenced this action on November 20, 2023 by the filing of a Complaint (the "Complaint"), seeking, *inter alia*, damages and other relief under the TVPRA.  Plaintiff alleges that Daedone and Cherwitz are the "masterminds and operators of a yearslong labor and sex trafficking operation disguised as a sexual wellness business." Complaint, p. 1.  Specifically, Plaintiff alleges that Daedone and Cherwitz operated the OneTaste and OneTaste NYC business for sex trafficking and labor trafficking and that they used force, threats of force, fraud and a variety of other forms of coercion to cause Plaintiff "to engage in commercial sex acts as a form of forced labor for Defendants in service of Defendants' sex and labor trafficking operations." *Id.*, p. 2.

On April 3, 2023, approximately seven months before the commencement of this lawsuit, the Criminal Action was filed against Daedone and Cherwitz.  The indictment in the Criminal Action[2] charges Daedone and Cherwitz (the "Indictment") with a single count of conspiring, together with others, to violate 18 U.S.C. § 1589(a) and 18 U.S.C. § 1589(b) by conspiring to obtain the labor and services of a group of so-called "members" of OneTaste, OneTaste NYC, and other entities, and by recruiting and grooming such members to "engage in sexual acts with OneTaste's current and prospective investors, clients, employees and beneficiaries." Indictment, ¶¶ 9-12.  The Indictment charges that Daedone and Cherwitz engaged in such criminal activities between 2006 and May 2018 (Indictment, ¶ 12), while Plaintiff Jane Doe claims that she was involved with, employed, and/or worked with OneTaste from 2008 to 2014.  Complaint, ¶ 26.

Section 1595 of Title 18 provides that "[a]ny civil action filed under this section **shall be stayed** during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1) (emphasis added).  The plain language of the statute makes a stay of this case mandatory.  The stay required by the TVPRA applies to all defendants in a civil case and to all claims in the action. *Sharma v. Balwinder*, No. 21-CV-

---

[2]        A copy of the Indictment is attached hereto as Exhibit A.

April 15, 2024
Page 3 of 3


00480-BLF, 2021 WL 4865281, at *1–2 (N.D. Cal. Sept. 29, 2021); *Lunkes v. Yannai*, 882 F. Supp. 2d 545, 550 (S.D.N.Y. 2012).  The mandatory statutory stay under the TVPRA is triggered by the identity of the claimant-victim and the conduct at issue in the civil and criminal actions, not on whether there is overlap between the defendants in the civil and criminal proceedings. *Doe v. Athens County*, 2022 WL 1569979, at *1 (S.D. Ohio May 18, 2022); *Doe v. Mindgeek USA Inc.*, 2021 WL 6618628 (C.D. Cal. December 28, 2021).

In the alternative, Defendants will be moving for a discretionary stay pending the outcome of the Criminal Action in the interest of justice.  This Court has considerable discretion to order a stay of this case, and Defendants maintain that a stay is necessary to prevent undue prejudice to all defendants.  *United States v. Kordel,* 397 U.S. 1, 12 n. 27 (1970); *Kashi v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir. 1986); *Crawford & Sons Ltd. v. Besser,* 298 F.Supp. 2d 317, 319 (E.D.N.Y. 2004).  Daedone and Cherwitz are faced with the choice of risking a loss of this civil case by invoking their Fifth Amendment rights, or risking conviction in the Criminal Action by waiving those rights and testifying in this case.  The Corporate Defendants will also be unduly prejudiced in the absence of a stay.  It is indisputable that if Daedone and Cherwitz invoke their Fifth Amendment rights, the Corporate Defendants will not be able to effectively defend this action. As senior officers of OneTaste during the relevant time period, and given the myriad allegations of the Complaint which are specific to Daedone and Cherwitz in both their personal and corporate capacities, the Individual Defendants' unencumbered participation in this action is instrumental to the Corporate Defendants' (as well as their own) defense.

Respectfully submitted,

/s/ Edward P. Grosz
Edward P. Grosz


cc:     All Counsel of Record (via ECF)

Application granted in part.  The initial pretrial conference previously scheduled for April 26, 2024 is adjourned *sine die*, pending resolution of the anticipated motion to stay, as is the parties' obligation to submit the joint status letter and proposed case management plan in advance of that conference.  The deadline for Defendants to answer or otherwise respond to the complaint is extended to June 14, 2024.  Defendants must file a pre-motion conference request letter regarding the anticipated motion to stay.  The deadline for the submission of that letter is April 24, 2024.  This letter should include a proposed briefing schedule for the anticipated motion.  The Court will set the briefing schedule following receipt of the anticipated pre-motion conference request letter.  The Court takes no position at this time as to whether a stay of this action is warranted pending final resolution of the Criminal Action.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 23.

SO ORDERED.

Dated:  April 17, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge